UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DENILSON NEPTALI VELASQUEZ FUENTES,
Petitioner,

v.

CHRISTOPHER J. LAROSE,
Respondent.

Case No.: 3:26-cv-06249-RBM-JAC

**ORDER:**

**(1) APPOINTING COUNSEL; and**

**(2) SETTING BRIEFING SCHEDULE**

On November 2, 2026, Petitioner Denilson Neptali Velasquez Fuentes("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1), in which he requested that the Court appoint counsel. (*Id.* at 7.) Petitioner claims that his continued detention violates the Fifth Amendment's Due Process Clause and the Administrative Procedure Act. (*Id.* at 6.)

## I. <u>APPOINTMENT OF COUNSEL</u>

"In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner

to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

Here, Petitioner attests that he was unlawfully arrested and detained for over nine months without a bond hearing or release. (Doc. 1 at 2.) He requests that the Court "appoint me counsel to assist with my Habeas Corpus Petition." (*Id.* at 7.) The Court finds that Petitioner has articulated sufficient facts such that representation is warranted. "The Court also finds that representation is necessary given the complexity and potential validity of the constitutional, statutory, and procedural issues presented." *Astafev v. Warden*, Case No. 3:26-cv-00313-RBM-AHG, ECF No. 4 (S.D. Cal. Jan. 30, 2026) (citing *Weygandt*, 718 F.2d at 954). Accordingly, the Court **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc. as counsel.

## II. ORDER TO SHOW CAUSE

The Court finds that summary dismissal of the Petition is unwarranted. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted); *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (noting that *pro se* complaints are liberally construed and do not need to identify the constitutional source of the claims raised).

Petitioner may file an amended petition, on or before **November 14, 2026**. Respondents **SHALL RESPOND** on or before **November 21, 2026**. Their Response shall include as exhibits all documents or evidence relevant to the determination of the issues raised, including any relevant documents reflecting Petitioner's immigration history. Petitioner may file a reply on or before **November 28, 2026**. The matter will be deemed under submission at that time and the Parties shall await further order from the Court.

The Clerk of the Court is **directed to transmit** a copy of the Petition (Doc. 1) and this Order to the United States Attorney's Office and to Federal Defenders of San Diego, Inc. Counsel for Petitioner **SHALL FILE** a notice of appearance on or before **November 8, 2026**.

**IT IS SO ORDERED.**

DATE: November 4, 2026

Ruth Bermudez Montenegro

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE